IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
AUG -3 2012
CLERK, US DISTRICT COURT
NORFOLK, VA

MAKISEHA BOBBI WILLS,
Petitioner,

v.

Criminal No. 2:10cr129
Civil No. 2:12cv103

UNITED STATES OF AMERICA,
Respondent.

### OPINION AND ORDER

Presently before the Court is Petitioner Makishea Wills' ("Petitioner") Supplemental Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Motion to Vacate"), filed pursuant to 28 U.S.C. § 2255 on July 10, 2012. Although Petitioner titled her motion as a supplement to her 2255 petition before this Court, the Court finds that Petitioner's motion is actually a second motion for reconsideration of her Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c). In fact, the present motion before the Court is nearly identical in wording and argument to the Motion for Reconsideration Petitioner filed on July 9, 2012 (Docket No. 134). The Court denied Petitioner's first motion for reconsideration on July 12, 2012, and for the reasons set forth again herein, the Court hereby **DENIES** Petitioner's second motion for reconsideration.

On November 17, 2011, Petitioner submitted a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) to reduce her sentence based on the passage of the Fair Sentencing Act ("FSA"), which was signed into law on August 3, 2010. Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010). Inter alia, the FSA reduced the crack-cocaine-to-powder-cocaine sentencing disparity from a ratio of 100-to-1 to a ratio of 18-to-1. Id. On December 20, 2011, this Court

entered an Order denying Petitioner's Motion on the grounds that Petitioner's offense level under the Sentencing Guidelines was a level 38 both before and after Amendment 750 was applied, and thus that Amendment 750 did "not have the effect of lowering the defendant's applicable guideline range," as required for relief under § 3582(c)(2).

Petitioner now seeks to reopen the inquiry into her sentence based upon the recent decision in *Dorsey v. United States*, 567 U.S. ___ (2012), in which the Supreme Court held that the provisions of the FSA pertaining to mandatory minimum sentences apply to defendants who committed a crack cocaine offense before the FSA went into effect but were sentenced after its effective date of November 1, 2010. However, the Court did apply Amendment 750 to Petitioner's case, despite the fact that her crack cocaine-related offenses were committed before the FSA went into effect. The Court simply found that application of Amendment 750 had no bearing on Petitioner's guideline range. Therefore, *Dorsey* is inapplicable to Petitioner, and Petitioner's Second Motion for Reconsideration is hereby **DENIED**. The Clerk is **ORDERED** to file the instant motion as a Second Motion for Reconsideration.

The Clerk is **DIRECTED** to deliver a copy of this Order to Petitioner, to counsel for Petitioner (if any), to the United States Attorney, to the United States Probation Officer, and to the Federal Bureau of Prisons.

It is so **ORDERED**.

August 3, 2012

Norfolk, Virginia

/s/
Robert G. Doumar
Senior United States District Judge